UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ASSOCIATION TO PRESERVE AND PROTECT LOCAL LIVELIHOODS, et al., </br></br>*Plaintiffs,* </br></br> v. </br></br> TOWN OF BAR HARBOR, a municipal corporation of the State of Maine, </br></br> *Defendant.* | Case No 1:22-cv-416 |

**PROPOSED DEFENDANT-INTERVENOR CHARLES SIDMAN'S REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE AND ALTERNATIVE MOTION TO PARTICIPATE AS AMICUS CURIAE**

Unsurprisingly, all three parties to this litigation, including the Defendant Town of Bar Harbor (the "Town"), object to Charles Sidman's motion to intervene. To put it simply, this is because the three parties' interests are aligned: they do not want the Ordinance to go into effect and want to supplant the will of the registered voters by having this Court sanction and legitimize the already rejected industry-brokered MOA. The Town has made it clear that they intend to do just that. *See* Def. Town of Bar Harbor's Verified Objection (ECF Doc. 55) at 2 n.2 (describing stipulated preliminary injunction). The parties lack authority to settle the preliminary injunction motion by altering, suspending, or replacing the citizen passed Ordinance in favor of a voter-rejected agreement between the Town and the cruise ship industry. In order to ensure the Ordinance is not abandoned under the guise of a consent agreement, Mr. Sidman respectfully requests his motion to intervene, or alternative motion to participate as amicus curiae, be granted.

I. **Mr. Sidman has standing to intervene.**

Although Mr. Sidman has standing to intervene in this case, the First Circuit does not

1

require him to show standing. *See Daggett v. Comm'n on Governmental Ethics and Election Practices*, 172 F.3d 104, 109 (1st Cir. 1999) (noting circuit split on whether intervenor must possess Article III standing, but not deciding the issue); *see also, e.g.*, *Mangual v. Rotger-Sabat*, 317 F.3d 45, 61 & n.5 (1st Cir. 2003) (same); *Cotter v. Mass. Ass'n of Minority Law Enf't Officers*, 219 F.3d 31, 33 (1st Cir. 2000) (same). Regardless, Mr. Sidman has standing to intervene as the lead petitioner of the Initiative, a local business owner and property owner in the Town. *See Yniguez v. Arizona*, 939 F.2d 727, 733 (9th Cir. 1991); *Portland Cellular P'ship v. Inhabitants of the Town of Cape Elizabeth*, No. 2:14-cv-274-JDL, 2015 WL 12990147 at *2 (D. Me. Feb. 3, 2015).

II. **Mr. Sidman's intervention is necessary for fair adjudication of this case.**

For the reasons discussed in his principal memorandum to this Court, Mr. Sidman meets each of the four factors required for intervention as of right. The crux of this inquiry, and similarly for permissive intervention, is the Town's inadequate defense of the Ordinance. Inadequate representation can be shown by demonstrating adversity of interest, collusion, or nonfeasance. *Moosehead Sanitary Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979). It is imperative that opposing parties in a lawsuit are *actually* opposed to each other. Since the beginning of the voter Initiative, the Town has made it clear that it opposed the voter Initiative and favored the MOA plan, which the Town first introduced months afterwards as a reactive counter-proposal to the Initiative. The Planning Board unanimously voted, and a majority of the Warrant Committee recommended, rejection of the Initiative. *See* Exhibit D to Pl.'s Verified Compl. (ECF Doc. 1-5). The Town then sought to suppress voter support for the Initiative and solicit support of its own MOA. *See* Exhibit A hereto, a true copy of an excerpt of Town Council Packet for October 3, 2022 at 22-23 (Sept. 20, 2022, Bar Harbor Town Council Minutes)

(https://www.barharbormaine.gov/AgendaCenter/ViewFile/Agenda/_10182022-3077 (last visited Feb. 21, 2023)). Despite these efforts, the voters decisively passed the Initiative and the MOA plan was rendered moot. If the Town is permitted to implement the proposed consent agreement, the MOA will nonetheless go into effect, which is precisely what the voters rejected last November.

There is nothing to support the Town's assertion that it will defend the Ordinance, especially when the parties' proposed consent agreement creeps towards the Town's ultimate goal of effectuating the MOA. Unlike in *National Right to Life Political Action Committee State Fund v. Devine*, No. CIV. 96-359-P-H, 1997 WL 33163631, *2 (D. Me. Mar. 19, 1997), there is ample evidence to show that the Town is unwilling to mount a full-fledged defense of the Ordinance. The then-Town Manager was caught on video discussing the lawsuit with industry insiders and opponents of the Ordinance, where he seemed to support the imposition of an injunction, or alternatively, "figure out some sort of terms in which [the Town] allows [passengers of cruise ships] to show up anyway." *See* Sidman Mtn. Exhibit A (ECF Doc. 45-2).

The unrepresented arguments and perspective Mr. Sidman will bring to this action are those of the *only* party not beholden to the cruise ship industry. *See Portland Cellular P'ship*, 2015 WL 12990147 at *2. If Mr. Sidman is permitted to intervene, it would ensure that appropriate discovery is conducted and the case is decided on its merits. Relatedly, the only threat of prejudice that Mr. Sidman's involvement would pose is to the Town's inability to upend the will of the voters by demanding this case is fairly adjudicated.

A judicial determination of whether the Ordinance is lawful will help prevent recurring litigation in the future. It is clear that the voters of the Town of Bar Harbor will pass ordinances limiting cruise ships in their town. The Town's backdoor settlement will not prevent voters from

doing so in the future, but rather will only prolong the process. Therefore, judicial economy counsels in favor of the involvement of Mr. Sidman in this case. Additionally, even without the imposition of the MOA, nothing prevents the parties from agreeing to an expedited schedule. In fact, it would be in all of the parties' best interests: the parties can reduce litigation costs; the Town can avoid potential liability for damages in the unlikely event the Ordinance is held to be unlawful; and Plaintiffs will have a quick decision as to whether they can continue to reap huge profits from the cruise ship industry at the expense of Bar Harbor's residents.

### III. The Court Should Invalidate Any Proposed Agreement Among the Parties That Renders the Ordinance Not Effective.

The parties' proposal to resolve Plaintiffs' Motion for Preliminary Injunction will directly contravene the duly passed Ordinance in favor of the MOA, thereby flouting the will of the voters and impacting the public. An agreement "that supersedes the otherwise applicable requirements of a validly enacted municipal zoning ordinance . . . ha[s] an impact on the broader public within the municipality" and requires "an exercise of judicial authority." *Pike Industries, Inc. v. City of Westbrook*, 2012 ME 78, ¶ 22, 45 A.3d 707. Judicially sanctioned agreements "that affect public rights should be subject to closer scrutiny than those that resolve purely private disputes, particularly where the consent decree is premised on an exercise of a court's equitable authority." *Id*. ¶ 23. "[T]he required level of scrutiny" by courts is one that encourages settlements, "*but also considers the broader policy considerations at play and the interests of third parties who will be affected by the [consent] decree.*" *Id*. (emphasis added) (quoting *Durrett v. Housing Auth. of the City of Providence*, 896 F.2d 600, 604 (1st Cir. 1990)). This includes consideration of "the separate public policy favoring the uniform applicability and enforcement of zoning ordinances." *Pike,* 2012 ME 78, ¶ 25. As Judge Frank M. Coffin explained, "[A] court must assure itself that the parties have validly consented; that *reasonable*

*notice has been given [to] possible objectors*; that the settlement is fair, adequate, and reasonable; *that the proposed decree will not violate the Constitution, a statute, or other authority*; that it is consistent with the objectives of [the legislature]; and, *if third parties will be affected, that it will not be unreasonable or legally impermissible as to them*." Durrett, 896 F.2d at 604 (emphases added).

Here, the parties attempt to settle the preliminary injunction motion without any consideration as to the interests or objections of the public or third parties. The proposed settlement terms directly subvert the "uniform applicability and enforcement of zoning ordinances." *Pike,* 2012 ME 78, ¶ 25. Enforcing the MOA in place of the Ordinance would be an illegal amendment to the Town's Land Use Ordinances. The Bar Harbor Land Use Code allows for only four methods of proposing amendments to a Land Use Ordinance. *See* Exhibit B hereto, a true copy of the Town of Bar Harbor, Land Use Code, Ch. 125, Art. I, § 125-9 (https://ecode360.com/8374139 (last visited: Feb. 21, 2023). The Town is not permitted to further amend an Ordinance it does not like through judicial process. *Id.* § 125-9(A), (E). Mr. Sidman is a third party, as an individual and member of the public, who would be unreasonably and illegally harmed by the suspension of the Ordinance or the imposition of the MOA. Mr. Sidman's objections will not be heard by the Court without his involvement in this case because none of his concerns will be adequately addressed by the parties.

### IV.     Conclusion

It is clear from the terms of the proposed consent agreement between the parties of the Town's true intentions. If Mr. Sidman is not permitted to join this action, the Ordinance will not be vigorously defended and the Town will insert the MOA in place of the voter-initiated

5

Ordinance. Mr. Sidman respectfully requests the Court grant him leave to intervene, or alternatively, leave to participate as amicus curiae.

                                              Respectfully submitted,

Dated: February 21, 2023                         /s/*David P. Silk*

David P. Silk, Esq.
Robert Papazian, Esq.
CURTIS THAXTER LLC
One Canal Plaza, Suite 1000/P.O. Box 7320
Portland, Maine 04112-7320
(207) 774-9000
dsilk@curtisthaxter.com
rpapazian@curtisthaxter.com

*Attorney for Defendant-Intervenor Charles Sidman*

6