UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ASSOCIATION TO PRESERVE AND PROTECT LOCAL LIVELIHOODS, et al., <br><br> *Plaintiffs*, <br><br> PENOBSCOT BAY AND RIVER PILOTS ASSOCIATION, <br><br> *Plaintiff-Intervenor*, <br><br> v. <br><br> TOWN OF BAR HARBOR, <br><br> *Defendant*, <br><br> CHARLES SIDMAN, <br><br> *Defendant-Intervenor*. | Case No. 1:22-cv-416-LEW |

**DEFENDANT TOWN OF BAR HARBOR'S NOTICE OF JOINDER IN DEFENDANT-INVERNOR CHARLES SIDMAN'S MOTION TO DISMISS**

Defendant Town of Bar Harbor (the "Town") through its undersigned attorneys, hereby submits this Notice of Joinder in Defendant-Intervenor Charles Sidman's Motion to Dismiss (Docket No. 74) (the "Motion"). In support hereof, the Town states as follows:

1. On March 16, 2022, a citizens' group led by Defendant-Intervenor Charles Sidman ("Mr. Sidman") submitted a petition to the Town Council of Bar Harbor, seeking to amend the Bar Harbor Code to establish daily limit for persons disembarking from cruise ships (the "Initiative").

2. On August 2, 2022, the Town Council voted to place the Initiative on the warrant articles calling the November town meeting warrant.

3. On November 8, 2022, the Initiative was passed and became an ordinance of the Town, pursuant to the Town Charter, effective as of December 8, 2022 (the "Ordinance").

4. The Ordinance provides that no more than 1,000 persons, in the aggregate, may disembark in Bar Harbor from any cruise ship(s) on a single calendar day.

5. On December 29, 2022, Plaintiffs Association to Preserve and Protect Livelihoods, et al. (the "APPLL Plaintiffs") filed a Complaint against the Town (Docket No. 1) (the "APPLL Complaint"), seeking, among other things:

- a. A declaration, pursuant to 28 U.S.C. § 2201, that the Ordinance violates federal laws and regulations that govern and subordinate the authority of the Town under the Supremacy Clause of the Constitution;

- b. A declaration, pursuant to 28 U.S.C. § 2201, that the Ordinance violates the Commerce Clause of the U.S. Constitution;

- c. A declaration, pursuant to 28 U.S.C. § 2201, that the Ordinance violates the Due Process Clause of Fourteenth Amendment to the U.S. Constitution; and

- d. A preliminary and permanent injunction against implementation and enforcement of the Ordinance.

2. On January 19, 2023, Plaintiff-Intervenor Penobscot Bay River Pilots Association (the "Pilots," and together with the APPLL Plaintiffs, the "Plaintiffs") filed a filed a Complaint (Docket No. 43) (the "Pilots' Complaint," and together with the APPLL Complaint, the "Complaints"), seeking, among other things:

- a. A judgment, pursuant to 28 U.S.C. § 2201, declaring that the Ordinance is preempted by federal law and violates the Supremacy Clause of the United States Constitution;

- b. A judgment, pursuant to 28 U.S.C. § 2201, declaring that the Ordinance violates the Commerce Clause of the United States Constitution;

c. A judgment, pursuant to 28 U.S.C. § 2201, declaring that the Ordinance frustrates the purpose of Maine state laws establishing and regulating a statewide system of pilotage and therefore is preempted under the Maine Constitution and 30-A M.R.S. § 3001;

d. A judgment, pursuant to 28 U.S.C. § 2201, declaring that the Ordinance frustrates or otherwise prevents the efficient accomplishment of the purposes of the Maine economic development and tourism laws and therefore is preempted under the Maine Constitution and 30-A M.R.S. § 3001;

e. A judgment, pursuant to 28 U.S.C. § 2201, declaring that any local, involuntary imposition of limitation(s) on the disembarkation of passengers, crew, and other persons from federally certified vessels violates the Supremacy Clause of the United States Constitution;

f. A judgment, pursuant to 28 U.S.C. § 2201, declaring that any local, involuntary imposition of limitation(s) on the disembarkation of passengers, crew, and other persons from vessels operating in the interstate and foreign commerce of the United States violates the Commerce Clause of the United States Constitution;

g. A judgment, pursuant to 28 U.S.C. § 2201, declaring that any local, involuntary imposition of limitation(s) on the disembarkation of passengers, crew, and other persons from maritime vessels frustrates the purpose of Maine state laws establishing and regulating a statewide system of pilotage and therefore is preempted under the Maine Constitution and 30-A M.R.S. § 3001;

h. A judgment, pursuant to 28 U.S.C. § 2201, declaring that any local, involuntary imposition of limitation(s) on the disembarkation of passengers, crew, and other

persons from maritime vessels frustrates or otherwise prevents the efficient accomplishment of the purposes of the Maine economic development and tourism laws and therefore is preempted under the Maine Constitution and 30-A M.R.S. § 3001; and

    i. A permanent injunction prohibiting the Town from (i) implementing and/or enforcing the Ordinance and (ii) failing to accept, enter, take, and honor cruise vessel reservations for calls at the port of Bar Harbor on the basis of the Ordinance.

3. On February 6, 2023, the Town filed an Answer to the APPLL Complaint (Docket No. 53), asserting as a defense that the APPLL Plaintiffs failed to state a claim upon which relief may be granted.

4. On February 10, 2023, the Town filed an Answer to the Pilots' Complaint (Docket No. 61), asserting as a defense that the Pilots failed to state a claim upon which relief may be granted.

5. On February 28, 2023, Mr. Sidman was granted intervenor-defendant status in this case (Docket No. 63).

6. On March 14, 2023, Mr. Sidman filed his Motion, seeking dismissal of the Complaints pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

7. Specifically, the Motion alleges that the Complaints should be dismissed because:

    a. The Ordinance is not preempted by federal law under the Supremacy Clause;

    b. The Ordinance does not violate the Commerce Clause;

    c. The Ordinance does not deprive Plaintiffs of Substantive Due Process; and

      d.   The Ordinance is not preempted by state law.

8. In accordance with Federal Rule of Civil Procedure 12(h)(2)(C), the Town intended to argue at trial that Plaintiffs failed to state a claim upon which relief can be granted on substantively similar grounds as set forth in the Motion.

9. The arguments set forth in the Motion, incorporated herein by reference, pertain directly to the Plaintiffs' claims against the Town, and are transferable from Mr. Sidman's case to the Town's case.

10. The Town therefore supports Mr. Sidman's Motion and joins in the relief requested by Mr. Sidman pursuant to the Motion.

WHEREFORE, the Town of Bar Harbor hereby joins Defendant-Intervenor Charles Sidman's Motion to Dismiss and respectfully requests that the Court dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and grant such other and further relief as it deems appropriate.

Dated: April 4, 2023

*/s/ Allison A. Economy, Esq.*
Allison A. Economy, Bar No. 5336
aeconomy@rudmanwinchell.com

*/s/ Jonathan P. Hunter, Esq.*
Jonathan P. Hunter, Bar No. 4912
jhunter@rudmanwinchell.com

*/s/ Stephen W. Wagner, Esq.*
Stephen W. Wagner, Bar No. 5621
swagner@rudmanwinchell.com

Attorneys for Defendant Town of Bar Harbor
RUDMAN WINCHELL
84 Harlow Street
P.O. Box 1401
Bangor, ME 04402
207.947.4501

## CERTIFICATE OF SERVICE

      I hereby certify that on April 4, 2023, I electronically filed the foregoing Notice of Joinder in Defendant-Intervenor Charles Sidman's Motion to Dismiss using the CM/ECF system, which will provide notice to all counsel of record in this case.

    Dated: April 4, 2023

                                      */s/ Allison A. Economy*
                                      Allison A. Economy, Bar No. 5336
                                      Attorney for Defendant
                                      RUDMAN WINCHELL
                                      84 Harlow Street
                                      P.O. Box 1401
                                      Bangor, ME 04402
                                      207.992.2413
                                      aeconomy@rudmanwinchell.com