**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ASSOCIATION TO PRESERVE AND PROTECT LOCAL LIVELIHOODS, *et al.*<br><br>*Plaintiffs,*<br><br>PENOBSCOT BAY AND RIVER PILOTS ASSOCIATION,<br><br>*Plaintiff-Intervenor,*<br><br>v.<br><br>TOWN OF BAR HARBOR, a municipal corporation of the State of Maine,<br><br>*Defendant,*<br><br>CHARLES SIDMAN,<br><br>*Defendant-Intervenor*. | Civil Action No. 1:22-cv-416-LEW |

**JOINT OPPOSITION OF PLAINTIFFS ASSOCIATION TO PROTECT AND PRESERVE LOCAL LIVELIHOODS, ET AL., AND PLAINTIFF-INTERVENOR PENOBSCOT BAY AND RIVER PILOTS ASSOCIATION TO DEFENDANT-INTERVENOR CHARLES SIDMAN'S MOTION TO AMEND FINDINGS AND ALTER OR AMEND JUDGMENT**

Plaintiffs Association to Protect and Preserve Local Livelihoods ("APPLL"), B.H. Piers, L.L.C., Golden Anchor, L.C., d/b/a as Harborside Hotel, B.H.W.W., L.L.C., Delray Explorer Hull 495 LLC, Delray Explorer Hull 493 LLC, and Acadia Explorer 492, LLC ("Plaintiffs"), and Plaintiff-Intervenor Penobscot Bay and River Pilots Association ("Pilots") oppose the Motion to Alter or Amend ("Motion") of Defendant-Intervenor Charles Sidman ("Sidman") brought pursuant to Fed. R. Civ. P. 52(b) and 59(e), on the grounds set forth below. The motion essentially seeks to re-litigate and prolong the remand phase of this controversy and repeats Defendants' previous efforts to inject post-record information that cannot be subjected to the disciplines of trial.

**Introduction**

On November 8, 2022, voters of the Town of Bar Harbor ("the Town") approved a citizen initiative imposing a 1,000 person-per-day cap on persons arriving at Bar Harbor by cruise ship ("the Ordinance"). Plaintiffs and Pilots raised several challenges to the Ordinance. On March 1, 2024, this Court issued its Amended Decision setting forth findings of fact and conclusions of law on Plaintiffs' and Pilots' claims. *APPLL v. Town of Bar Harbo*r, 721 F. Supp. 3d 56 (D. Me. 2024) (*"APPLL I*"). Plaintiffs and Pilots appealed.[1]

The First Circuit upheld most of this Court's rulings but vacated and remanded the Amended Decision to this Court for a fuller application of the standards in *Pike v. Bruce Church, Inc.,* 397 US. 1137 (1970). *APPLL v. Sidman*, 147 F.4th 40, 65-72 (1st Cir. 2025) (*"APPLL II"*). In particular, the First Circuit directed this Court to apply *Pike* to evaluate the Ordinance's putative benefits to the Town against the burdens it would impose on commerce. *Id.* at 72.

Following remand, the Court asked the parties whether the record should be reopened for the introduction of new evidence. The parties conferred and advised the Court that none sought the introduction of evidence beyond the trial record. The parties then submitted briefs on the questions the First Circuit had posed.[2] On February 11, 2026, the parties argued their positions to this Court. On May 15, this Court issued its Remand Decision in response to the First Circuit's remand directive. *APPLL v. Town of Bar Harbor*, No. 1:22-cv-00416-LEW, 2026 WL 1361496 (D. Me. May 15, 2026) (*"APPLL III"*).

[1] The Amended Decision entered judgment for Plaintiffs and Pilots on their claim that the Ordinance violated 33 C.F.R. § 105.237. *APPLL I*, 721 F. Supp. 3d at 80-83, 98. This Court's ruling on that claim is not now at issue.

[2] In their briefs on remand, both the Town and Sidman included references to materials outside the trial record. Plaintiffs and Pilots moved to strike those non-record submissions. This Court denied the motion as moot, given its disposition of the remand on the existing trial record without reference to any non-record materials. Sidman now repeats this tactic, attaching three post-trial exhibits to his Rule 59(e) motion in violation of the parties' prior agreement that the record would not be reopened.

## **Argument**

Sidman's motion is based on Rule 52(b) and Rule 59(e). Rule 52(b) provides that a court "may amend its findings—or make additional findings—and may amend the judgment accordingly." Rule 59(e) provides only that a motion to alter or amend must be made within 28 days of the entry of judgment. The First Circuit has noted the "close relationship between Rule 59(e) and 52(b)" but has also observed that "Circuit precedent suggests that challenges to the correctness of a judgment are properly construed as motions under Rule 59(e)." *Nat'l Metal Finishing Co., Inc. v. Barclays American/Commercial, Inc*., 899 F.2d 119, 122 (1990) (internal citations omitted).

Rule 52(b)'s "purpose is to permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration by the trial court." *Nat'l Metal Finishing Co., Inc.*, 899 F.2d at 123; *see also Palmer v. Champion Mortg*., 465 F.3d 24, 30 (1st Cir. 2006). *Accord Marie v. Allied Home Mortgage Corp*., 402 F.3d 1, 7 n.2 (1st Cir. 2005) ("The general rule in this circuit is that the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'") (internal citations omitted). "Rule 52(b) is not intended to allow parties to rehash old arguments already considered and rejected by the trial court." *Nat'l Metal Finishing Co., Inc.*, 899 F.2d at 123; *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) … 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (internal citation omitted).

Sidman states that his motion is based solely on his claim that the Remand Decision was based on "manifest errors of law and fact." Motion at 5. But what he identifies as "manifest error" is, in substance, a repackaging of the same arguments this Court already considered and rejected.

At the outset, Plaintiffs and Pilots confirm their position, as set forth in their post-remand briefs to this Court, that the Ordinance fails *Pike* balancing in its entirety and is unconstitutional under the dormant Commerce Clause in all twelve months of the year. Nothing in this opposition should be construed as acceptance of this Court's determination that the Ordinance survives *Pike* scrutiny during July and August; Plaintiffs and Pilots reserve all arguments on that issue for appeal. Notwithstanding Plaintiffs' and Pilots' position on their *Pike* arguments, the arguments Sidman advances utterly fail to satisfy the Rule 52(b)/59(e) standard.

### A. Wholly deferring to Bar Harbor voters' approval of the Ordinance is inconsistent with *Pike* and the First Circuit's Remand Order.

Sidman contends that this Court committed "manifest error of law" by failing to give sufficient deference to Bar Harbor voters' legislative judgment that the Ordinance's 1,000-person-per-day limit was the correct limit. Motion at 5-8. Although phrased in different ways, Sidman claims this Court erred because it did not wholly defer to the voters' judgment. This theme permeates the entirety of Sidman's argument—Sidman asserts that "*Pike* **demands** deference to the voters' legislative policy decisions;" that "[t]he Court is not positioned to second guess the voters' judgment under *Pike*;" and that, "[w]ith proper deference to the legislative body—the voters—**it cannot be said** that the burdens on interstate commerce are clearly excessive to the putative local benefits, either two months out of the year or twelve." *Id.* at 5, 7, 12 (emphasis added).

But unqualified deference to the legislative judgments of legislators or the voters is inconsistent with *Pike* and, if applied, would render review under *Pike* a nullity. Moreover, in its decision, the First Circuit plainly stated: "we cannot agree that the residents' own weighing of what the District Court termed 'the intimate 'nature of the local interest[s],' [citations omitted], suffices, in and of itself, to demonstrate that the burdens that the record shows that the Ordinance imposes

on commerce are not ‘clearly excessive’ in relation to the measure’s ‘putative local benefits.’” *APPLL II*, 147 F.4th at 71-72.

Sidman’s unconditional deference argument, therefore, fails the “manifest error” standard and, if adopted by this Court, would, in fact, constitute manifest error. Sidman's argument that voter judgment should be dispositive is, in substance, a request that this Court return to the analytical posture the First Circuit vacated. That is not a “manifest error” in this Court's Remand Decision; it is simply Sidman’s disagreement with the First Circuit's mandate. The First Circuit required this Court to make findings on the magnitude of the Ordinance's burdens, the extent to which it meaningfully advances Bar Harbor's congestion-reduction interest, and whether less burdensome means could achieve the same benefits. *Id.* at 72. Voter approval of the Ordinance, while relevant context, cannot substitute for that analysis.

Sidman also relies on *Becky's Broncos, LLC v. Town of Nantucket*, 2026 U.S. Dist. LEXIS 65775 (D. Mass. Mar. 27, 2026), for the proposition that *Pike* balancing should not apply to nondiscriminatory local ordinances addressing congestion. Motion at 6-7. But *Becky's Broncos* is inapposite. In that case, no appellate court had directed the district court to perform *Pike* balancing. Here, the First Circuit has done precisely that. *APPLL II*, 147 F.4th at 72. The law of this case requires substantive *Pike* analysis regardless of what another district court concluded in a different procedural posture.

Sidman further argues that the Court's ruling declaring the Ordinance enforceable only in July and August is unprecedented and constitutes impermissible “judicial rearrangement.” Motion at 7-9. That criticism does not support the relief Sidman seeks. Even assuming the critique raised remedial concerns, that would not be a basis under Rules 52(b) or 59(e) to expand the Ordinance's enforceability year-round. The Court found the Ordinance’s burdens “clearly excessive” in relation

to the shoulder-season benefits. If there is any error in the Court's remedial approach, the answer is not to reinstate an Ordinance the Court has found unconstitutional for the vast majority of its operative period.

**B. Sidman's alleged "errors of fact" constitute nothing more than reargument or rely on alleged facts outside the trial record.**

Sidman argues that the Remand Decision's recognition that cruise ship visitation numbers fluctuate with the tourist season constitutes manifest error. Motion at 10-11. But the trial record is entirely to the contrary. *APPLL III*, 2026 WL 1361496, at *12. The Remand Decision found, based on the trial record, that congestion intensity fluctuates between the peak summer season and the shoulder months, and that "the record powerfully conveys the notion that Bar Harbor's peak season is not as suited to high lower-berth-capacity cruise ships, whereas the shoulder season most likely is." *APPLL III*, 2026 WL 1361496, at *11. That factual determination, drawn from the existing record and supported by witness testimony and documentary evidence, is not "manifest error" merely because Sidman disagrees with the Court's weighing of the evidence. Sidman's attempt to resurrect this point by referring to post-trial documents fails entirely. First, as noted above, when, following remand, this Court invited the parties to consider reopening the trial record, all the parties—Sidman included—declined. Sidman's attempt to circumvent his commitment to this Court and to Plaintiffs and Pilots should be firmly rejected.

This is not the first time that Sidman has asked this Court to consider post-trial evidence. In the remand briefing, both Sidman and the Town included references to materials outside the trial record. Plaintiffs and Pilots moved to strike those non-record submissions. This Court denied the motion to strike as moot and did not refer to the non-record materials in the Remand Decision—a combination tantamount to exclusion. Here, too, Sidman's request that this Court take judicial notice of his exhibits or reopen the record should be denied. These materials are not "newly

discovered evidence" within the meaning of Rule 59(e)—they were created after the trial and could not have been presented at trial because they did not yet exist. Rule 59(e) does not authorize supplementation of a closed record with post-judgment data. Moreover, even if considered, Sidman's exhibits undermine his position: evidence of broad land-based tourism growth and six-month seasonal congestion patterns reinforces what the trial record already established—that cruise passengers are only one limited component of overall congestion, and that the Ordinance's near-total exclusion of that limited component cannot meaningfully address the totality of the congestion problem.

Finally, it is notable that the Town has neither joined Sidman's motion nor filed its own motion to alter or amend. Instead, the Town Council issued a public statement characterizing the Ordinance as "too blunt a tool to effectively manage tourism in Bar Harbor." Motion, Ex. A. Sidman thus stands alone in seeking to reinstate the Ordinance year-round. Moreover, the First Circuit has questioned whether Sidman possesses independent appellate standing. *See APPLL II*, 147 F.4th at 51 n.5. That a defendant-intervenor of uncertain standing—unsupported by the municipality responsible for the Ordinance's enforcement—seeks to expand the Ordinance's enforceability through a post-judgment motion underscores that this motion is driven by strategic positioning rather than correction of genuine manifest error.

## **Conclusion**

Defendant-Intervenor Sidman's motion fails to identify any manifest error of law or fact warranting relief under Rules 52(b) or 59(e). His deference argument is a repackaged version of positions already presented on remand and rejected—and, more fundamentally, is inconsistent with the First Circuit's mandate requiring substantive *Pike* analysis. His factual challenges to the Court's seasonal findings amount to disagreement with the Court's weighing of the evidence, not

manifest error. And his attempt to supplement the record with post-trial materials is procedurally improper under the parties' agreement and under Rule 59(e). Plaintiffs and Pilots respectfully urge the Court to deny the Motion in its entirety.

Dated this 6th day of July, 2026.

*/s/ Timothy C. Woodcock*

Timothy C. Woodcock, Bar #1663
Janna L. Gau, Bar #6043
KATAHDIN LAW
175 Exchange Street, Suite 260 (04401)
Post Office Box 895
Bangor, ME 04402-0895
(207) 401-5454
twoodcock@katahdin-law.com
jgau@katahdin-law.com

*Attorneys for Plaintiffs Association to Preserve and Protect Local Livelihoods, et al.*

*/s/ Kathleen E. Kraft*

Kathleen E. Kraft (*pro hac vice*)
C. Jonathan Benner (*pro hac vice*)
Thompson Coburn LLP
1909 K Street N.W., Suite 600
Washington, D.C. 20006
(202) 585-6900 (main)
(202) 585-6969 (fax)

*Attorneys for Plaintiff-Intervenor Penobscot Bay and River Pilots Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July, 2026, I caused the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

*/s/ Timothy C. Woodcock*